I have re-examined this case upon a motion for a reargument, and such examination has confirmed the decision before rendered. It is alleged in an affidavit that the regulation of the commissioners, which appeared in the case of Cisco v. Roberts
(36 N.Y., 292), was not adopted until after the act of 1857, amending the act of 1853, was passed, and that such regulation is still in existence. It was stated upon the original argument, and not denied, that this regulation had been rescinded and hence it was so assumed in the opinion and the inference suggested that it was rescinded after the passage of the act of 1857; but whether this was so or not is not of the slightest importance to the decision of the case. It is sufficient that the regulation was not proved at the trial, and does not appear in the appeal papers upon which alone we can determine the case. If it had appeared the result would be the same, as there was no evidence that the vessel was spoken inside of the line prescribed by the regulation, which is indispensable to impose the obligation to take the first pilot offering his services.
It is proper to say that the defendant has produced an affidavit strongly tending to establish that the regulation is not now in existence, and has furnished a copy of the rules and by-laws of the commissioners, published in 1874, in which it does not appear. The affidavit also states that it appeared on the trial that the vessel was in fact spoken a considerable distance outside of the prescribed line.
We cannot, of course, consider any of these facts, nor regard any papers which do not appear in the return on file. The case was tried below and the claim predicated exclusively upon the twenty-ninth section of the act of 1857, and the construction of that statute was the only question considered by the General Term.
We think it clear, from the language of that section, that the liability of an inward bound vessel to pay pilotage is not imposed for not taking the first pilot offering his services, but *Page 454 
for not taking any pilot, and that the language is too explicit to justify a court in groping after rules of construction to ascertain what was really intended. If the statute is not right it can only be remedied by the legislature.
The motion must be denied.
All concur.
Motion denied.